(9 Misc. Rep. 482.)

## COHN v. HEUSNER.

(Common Pleas of New York City and County, General Term. August 1, 1894.)

1. ATTORNEY AND CLIENT—DUTIES AND LIABILITIES.
   In an action for services rendered by plaintiff's assignor, as an attorney, in examining the title to property, and preparing a mortgage on it to defendant, evidence that defendant sustained a loss by the investment in such mortgage is not admissible to show that the alleged services were of no value, where the loss was not caused by the attorney's neglect or want of skill, but by the precarious character of the security.

2. SAME—NEGLIGENCE.
   An attorney who is employed merely to examine the title to property, on the security of which his client contemplates advancing money, and to prepare the necessary legal documents, is not chargeable with neglect of duty in failing to advise his client as to the value of the security.

Appeal from seventh district court.

Action by Abraham Cohn against Annie Heusner to recover for professional services, as attorney at law or solicitor, alleged to have been rendered by plaintiff's assignor upon defendant's retainer. A judgment in favor of defendant was rendered by the justice with a jury, and plaintiff appeals. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

Louis Cohn, for appellant.
Henry Steinert, for respondent.

BISCHOFF, J. The judgment appealed from was rendered upon a sharp conflict of evidence, which involved the question whether the services for which recovery was sought in this action were induced by the defendant or by her husband. The plaintiff's assignor testified to the defendant's direct request for the services, while the defendant, with equal positiveness, denied that any such request was made; and furthermore the defendant's husband, called as a witness for defendant, testified in effect that the services were rendered upon his retainer, and upon his promise to pay therefor. This conflict it was the special province of the justice below to determine, and with such determination upon the facts—in this case, favorably to the defendant—the appellate court is not to interfere, in the absence of a palpable perversion of justice.

In part, the services in suit consisted of the investigation of the vendor's title to a certain steamboat purchased by the defendant's husband, and the preparation of a mortgage of such property to the defendant, she having advanced her husband part of the purchase money. With a view of demonstrating the worthlessness of the services rendered by plaintiff's assignor, the defendant was permitted, against the objection and exception of the plaintiff's counsel, upon cross-examination of the plaintiff's witness Cohn, to elicit the fact that she had sustained a loss of $8,000 by reason of her investment in this mortgage; there being no pretense that the loss was occasioned by neglect or want of skill on the part of the plaintiff's assignor in the performance of the services above particularized, and it being conceded that the loss was wholly owing to the precarious character of the security,—the federal laws giving preference, in the payment of claims out of the proceeds of the sales of vessels, to such liabilities as were incurred in navigation. A solicitor or attorney at law is under no duty to dissuade his client from entering upon a contemplated business venture. Having concern for the latter's prosperity, the former may tender his advice in that regard, but if he fails so to do he is not chargeable with neglect. The special skill which the solicitor or attorney engages himself to exert in his client's behalf is such as is peculiar to his profession; but the relation of solicitor (or attorney) and client imposes upon the former no duty, as to an exercise of sagacity in business ventures, superior to that of the latter. An attorney at law or solicitor, therefore, who has not assumed personally to invest his client's moneys, and who is called upon only to lend his professional aid

for the purpose of carrying his client's proposed venture into effect, by investigation of the title to the property or security constituting the subject-matter of the proposed investment, and the preparation of the necessary legal documents, assumes no responsibility for loss which may come from the client's ill venture. Weeks, Attys. at Law, §§ 304, 311. Hence, the attorney or solicitor is not chargeable with neglect or want of skill because he has failed to advise his client against the venture, nor can the fact of the loss in any degree affect the value of the former's services. For the error pointed out the judgment must be reversed, and a new trial ordered, with costs to appellant, to abide the event.